
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10605 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00437-MCE-1 |
| v. | |
| SAEED UR RAHMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 10, 2013[**]
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

This is an expedited appeal from Defendant Saeed Rahman's convictions for two counts of filing a false tax return in violation of 26 U.S.C. § 7206(1). The charges were based on Rahman's failure to report taxable income in 2005 and 2006, from gains on real estate transactions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

The district court adequately instructed the jury that, to prove that Rahman acted "willfully," the government must prove beyond a reasonable doubt that he knew federal tax law imposed a duty on him, and he intentionally and voluntarily violated that duty. *See Cheek v. United States*, 498 U.S. 192, 201 (1991). We reject Rahman's argument that the failure to give a separate good faith instruction constituted plain error. *See United States. v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009) (argument of entitlement to separate good faith instruction, in addition to other instruction on specific intent, is foreclosed by Ninth Circuit precedent).

The district court excluded evidence that FBI agents came to Rahman's house in 2007. Rahman, who is from Pakistan and who has been concerned about his immigration status, argues on appeal that the evidence would have demonstrated that he knew he was under surveillance and would have been unlikely to knowingly violate

---

[1]We also DENY as moot Appellee's request, submitted on April 24, 2013, to file confidential documents under seal.

federal law. Since the FBI visit occurred after Rahman filed the tax returns in issue, the trial court did not abuse its wide discretion in excluding this testimony. *See United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004).

After Rahman's trial counsel moved for an order to exclude evidence concerning Rahman receiving public assistance, Rahman's trial counsel stipulated to the admission of public assistance documents that he conceded were relevant to issues in the case. Trial counsel also failed to object to a case worker's testimony concerning Rahman receiving public assistance, and did not accept the district court's offer to give a limiting instruction regarding the public assistance evidence. Rahman now contends on appeal that the district court erred in admitting the public assistance evidence. We review for plain error as plain error. Fed. R. Crim. P. 52(b).[2]

Although the evidence was such as to suggest that Rahman was not entitled to the public assistance he received, the district court instructed that the jury was to determine guilt only on the charges set forth in the indictment. Because the public assistance evidence was relevant to the charged conduct and the jury was properly

---

[2]The government urged us to treat this issue as unreviewable under the invited error doctrine. *See United States v. Budziak*, 697 F.3d 1105, 1110 (9th Cir. 2012) ("An error is 'invited' and unreviewable only if a defendant 'induced or caused the error,' or if he 'intentionally relinquished or abandoned a known right.'") (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)).

instructed that the defendant was not on trial for any uncharged conduct or offense, the admission of the public assistance evidence did not constitute plain error.

Rahman also contends that it was plain error to permit evidence that between June of 2000 and July of 2006, he acquired sole or partial ownership of twelve properties that were not directly related to the real estate transactions that supported the two false tax return charges. He contends that this evidence was unfairly prejudicial because it established that he made large profits from flipping property in the period leading up to California's real estate crash. To prove willfulness in a prosecution for willfully underreporting taxable income under 26 U.S.C. § 7206(1), the government must show that a defendant intended to violate the law or knew that his actions would do so. *United States v. Claiborne*, 765 F.2d 784, 797 (9th Cir. 1985), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988). It was not plain error to permit evidence of the other real estate transactions to refute the defense that Rahman's language barrier, his lack of an American education, and his unfamiliarity with the American tax system prevented him from willfully violating the tax laws.

**AFFIRMED**.